| | | |
|---|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK<br>-------------------------------------------------------X | | Hearing Date: October 4, 2022<br>Hearing Time: 10:00 a.m. |
| In re | : | Chapter 11 |
| OAXACA AMSTERDAM AVENUE LLC, | : | Case No. 22-11062 (MEW) |
| OAXACA 1198 1ST AVENUE LLC, | : | Case No. 22-11063 (MEW) |
| OAXACA HALSEY STREET LLC, | : | Case No. 22-11064 (MEW) |
| GREY BROWN INC., | : | Case No. 22-11065 (MEW) |
| Debtors.<br>-------------------------------------------------------X | : | |

## NOTICE OF MOTION AND HEARING DATE

**PLEASE TAKE NOTICE** that upon this Notice of Motion and the accompanying memorandum of law, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Michael E. Wiles, Bankruptcy Judge, in the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004 on **October 4, 2022 at 10:00 a.m.**, (the "Hearing") or as soon thereafter as counsel can be heard, for an order dismissing this Chapter 11 case and for such other and further relief as this Court may deem just and proper. The original application is on file with the Clerk of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that the Hearing will be held before the Honorable Michael E. Wiles, United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, New York 10004. The Hearing will only be conducted telephonically. Parties wishing to participate in the Hearings must make arrangements through Court Solutions LLC at www.court-solutions.com. Instructions to register for Court Solutions LLC are attached to Gen. Ord. M-543.

1

**PLEASE TAKE FURTHER NOTICE** that Gen. Ord. M-543, along with other temporary procedures implemented by the Bankruptcy Court in connection with the COVID-19 pandemic (including electronic filing procedures for pro se parties) can be found by visiting www.nysb.uscourts.gov (the "Bankruptcy Court's Website) and clicking on the "Coronavirus COVID-19 Protocol" banner.

**PLEASE TAKE FURTHER NOTICE** that any responsive papers should be filed with the Court and served on the United States Trustee, at 201 Varick Street, Suite 1006, New York, New York 10014, Attention: Shara Claire Cornell, Esq. (shara.cornell@usdoj.gov), no later than seven (7) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the response, and the basis for such response. Failure to provide this information may be grounds to strike the response or to grant the motion by default.

Dated: New York, New York
      September 9, 2022

                                  Respectfully submitted,

                                  WILLIAM K. HARRINGTON
                                UNITED STATES TRUSTEE, REGION 2

By:   */s/ Shara Cornell*
       Shara Cornell
       Trial Attorney
       Office of the United States Trustee
       U.S. Federal Office Building
       201 Varick Street, Room 1006
       New York, NY 10014
       Tel. (212) 510-0500

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE, REGION 2
U.S. Department of Justice
Office of the United States Trustee
201 Varick Street, Room 1006
New York, NY 10014
Tel. (212) 510-0500
By: Shara Cornell, Esq., Trial Attorney

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
                                                        :
In re                                                   :   Chapter 11
                                                        :
OAXACA AMSTERDAM AVENUE LLC,                            :   Case No. 22-11062 (MEW)
                                                        :
OAXACA 1198 1ST AVENUE LLC,                             :   Case No. 22-11063 (MEW)
                                                        :
OAXACA HALSEY STREET LLC,                               :   Case No. 22-11064 (MEW)
                                                        :
GREY BROWN INC.,                                        :   Case No. 22-11065 (MEW)
                                                        :
          Debtors.                                      :
--------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER TO DISMISS THIS CHAPTER 11 CASE OR, ALTERNATIVELY, TO CONVERT THIS CASE TO A CASE UNDER CHAPTER 7**

**TO THE HONORABLE MICHAEL E. WILES,
UNITED STATES BANKRUPTCY JUDGE:**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee") files this motion (the "Motion") pursuant to 11 U.S.C. § 1112(b) for an order dismissing the Chapter 11 cases of Oaxaca Amsterdam Avenue LLC, Oaxaca 1198 1st Avenue LLC, Oaxaca Halsey Street LLC, and Grey Brown Inc. (collectively, the "Debtors"). In support thereof, the United States Trustee represents and alleges as follows:

1

# INTRODUCTION

Cause exists to dismiss or convert these chapter 11 cases. First, the Debtors have failed to file (a) schedules and statements of financial affairs within 14 days of the Petition Date and (2) small business debtor documents (*i.e.*, balance sheet and cash flow statement). To date, no request for an extension to file schedules or statements has been filed. Second, the Debtors have failed to provide to the United States Trustee proof of insurance, workers compensation insurance, proof of closure of prepetition accounts, proof of opening debtor-in-possession accounts, and other required documents. The Debtors openly seek the benefits of bankruptcy, including but not limited to the automatic stay, but refuse to comply with the mandatory requirements for every debtor found in the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

# BACKGROUND

1.   On August 3, 2022 (the "Petition Date"), the Debtors commenced these cases (the "Bankruptcy Cases") by filing voluntary petitions (collectively, the "Petition") under subchapter V of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code").

2.   With the Petition, the Debtors filed Schedules only D, E, F, G, and H. *See* Declaration of Shara Cornell ("Cornell Decl.") at ¶ 1.

3.   On August 4, 2022, Ronald Friedman was appointed subchapter V Trustee (the "Trustee") in each of the Bankruptcy Cases.

4.   On August 4, 2022, the United States Trustee sent an email to James J. DeCristofaro as attorney for the Debtors that attached the initial debtor interview ("IDI")

2

reporting requirements as well as the Chapter 11 Operating Guidelines and scheduled the IDI for August 19, 2022. *See* Cornell Decl. at ¶ 3.

5. On August 19, 2022, the Debtors appeared at the IDI but failed to provide the documents requested by the United States Trustee. *See* Cornell Decl. at ¶ 5.

6. The Office of the United States Trustee has requested the documents required by the IDI on at least eight occasions. *See* Cornell Decl. at ¶ 7.

7. On September 7, 2022, the United States Trustee adjourned the meeting of creditors pursuant to 11 U.S.C. § 341 ("Meeting of Creditors") since the Debtors had failed to provide the documents requested by the United States Trustee or to file their schedules and statements of financial affairs. *See* Cornell Decl. at ¶ 6.

8. On September 2, 2022, the Debtors filed the Affidavit Pursuant to LR 1007-2 of Vishal Dhar (the "1007 Declaration"). ECF Dkt. No. 11.

9. A review of the docket also demonstrates that the Debtor has failed to file an application to retain James J. DeCristofaro as counsel. *See* Cornell Decl. at ¶ 2.

## ARGUMENT

### A. Dismissal is Appropriate Under 11 U.S.C. § 1112(b)

Section 1112(b) of the Bankruptcy Code provides that on request of a party in interest, and after notice and a hearing, "the court shall convert a case under [Chapter 11] to a case under chapter 7 or dismiss [it] …, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1) (emphasis added). Among other things, "cause" includes:

(B) gross mismanagement of the estate;

3

> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> (F) [the] unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> (H) failure timely to provide information or attend meetings reasonably requested by the United States trustee (or the bankruptcy administrator if any);

"Cause" to convert or dismiss, however, is not limited to the expressly enumerated provisions of the statute. *See In re BH S&B Holdings, LLC*, 439 B.R. 342, 346 (Bankr. S.D.N.Y. 2010) (stating that the sixteen examples of events that may constitute cause in §1112(b)(4) are "'not exhaustive' and courts are free to consider other factors"); *In re TCR of Denver, LLC*, 338 B.R. 494, 500 (Bankr. D. Colo. 2006) (noting "the Court may dismiss a Chapter 11 case for reasons other than those specified in section 1112(b) as long as those reasons satisfy 'cause'"). The bankruptcy court has wide discretion to determine if cause exists and how to ultimately adjudicate the case. *See In re The 1031 Tax Group, LLC*, 347 B.R. 78, 93 (Bankr. S.D.N.Y. 2007).

### B. Cause Exists to Dismiss or Convert This Case

Cause exists to dismiss or convert this case due to the Debtors' (i) failure to timely file schedules and statements of financial affairs and (ii) to provide proof of insurance and other information requested by the United States Trustee.

The Debtors have failed to file its schedules and statements of financial affairs, despite the Petition Date having been over 14 days ago. Moreover, no motion to extend the time to file schedules or statements has been filed. In addition, the Debtors failed to file a balance sheet and cash flow statement. Pursuant to 11 U.S.C. §1116, Fed. R. Bankr. P. 1007, S.D.N.Y. LBR 1007-2 (a), the Debtors are required to file accurate and timely schedules and statements, balance

sheet, and cash flow statement. As of the date of this Motion, the Debtors are delinquent in its statutory requirements.

The Debtors' failure to timely file the above mentioned documents demonstrates a disregard for its responsibilities as a debtor-in-possession and deprives the Court, the United States Trustee, and creditors of the ability to adequately access and monitor this case. *See In re Marvel Entertainment, Inc*., 140 F.3d 463, 474 (3d Cir. 1998) (stating that debtors have a fiduciary duty of open, honest and straightforward disclosure to the court and creditors). The Debtors' failure to fulfill its fiduciary obligations denies creditors access to important information regarding the Debtor's financial affairs. *See id*. "Refusal or inability to provide financial disclosure sounds the death knell of a Chapter 11 case. The failure to file monthly operating statements. . . 'whether based on inability to do so or otherwise, undermines the Chapter 11 process and constitutes cause for dismissal of the Chapter 11 proceedings.'" *In re Costa Bonita Beach Resort, Inc*., 513 B.R. 184, 199 (Bankr. D. P.R. 2014) (*citing In re Tornheim*, 181 B.R. 161, 164 (Bankr. S.D.N.Y. 1995); *see, also, In re GEL*, 495 B.R. 240, (Bank. E.D.N.Y. 2012); *In re Halal 4 U LLC*, No. 08-15216 (MG), 2010 WL 3810860, *4 (Bankr. S.D.N.Y. Sept. 24, 2010); *In re Rey*, Nos. 04 B 35040, 04 B 22548, 06 B 4687, 2006 WL 2457435, *8 (Bankr. N.D. Ill. Aug. 21, 2006); *In re Roma Group, Inc.*, 165 B.R. 779, 780 (S.D.N.Y. 1994). The Debtors' failure to file these documents constitutes cause for the dismissal or conversion of the Debtors' cases pursuant to 11 U.S.C. § 1112(b)(4)(F).

Furthermore, the failure to maintain appropriate insurance is cause for the conversion or dismissal of the Bankruptcy Cases. 11 U.S.C. §1112(b)(4)(C); D*erivium Capital LLC v. U.S. Trustee (In re Derivium Capital LLC)*, No. 5 Civ. 10845 (CLB), 2006 WL 1317021, *11

5

(S.D.N.Y. May 12, 2006) (affirming the bankruptcy court's decision to convert a chapter 11 case partially because the debtor lacked proper insurance coverage); *In re Van Eck*, 426 B.R. 54, 60-61 (Bankr. D. Conn. 2010) (finding that cause existed in part, because the debtor failed to show that there was insurance on residential property he owed). Here, the Debtor has failed to provide the United States Trustee with proof of insurance and other requested documents. See Cornell Decl. at ¶ 5. Therefore, cause exists to dismiss or convert the Debtors' cases under 11 U.S.C. §1112(b)(4)(C) and (H).

    C.    **There are No Unusual Circumstances Establishing that Dismissal is Not in the Best Interests of Creditors and the Estate**

Under section 1112(b)(2) of the Bankruptcy Code, after the movant shows cause, the burden shifts to the debtor and other parties in interest to show that there are "unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate." 11 U.S.C. § 1112(b)(2).

Section 1112(b)(2) provides that:

> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --
>
>     (A) there is a reasonable likelihood that a plan will be confirmed within the time frames established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
>
>     (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>         (i) for which there exists a reasonable justification for the act or omission; and

6

>> (ii) that will be cured within a reasonable period of time
>> fixed by the court.

11 U.S.C. § 1112(b)(2).

There are no unusual circumstances in this case that would establish that dismissal is not in the best interests of creditors and the estate. The Debtors have done very little in its cases and instead seems to have disregarded its duties as a chapter 11 debtor. Moreover, the issues in this case are compounded by the fact that the Bankruptcy Cases were filed under subchapter V which has mandatory and strict timelines. Section 1188(a) requires the Bankruptcy Court will hold a status conference not later than 60 days after the case is filed "to further the expeditious and economical resolution" of the subchapter V case. 11 U.S.C. § 1188(a). Not later than 14 days before the status conference, "the debtor shall file with the court and serve on the trustee and all parties in interest a report that details the efforts the debtor has undertaken and will undertake to attain a consensual plan of reorganization." 11 U.S.C. § 1188(c). The subchapter V debtor shall file a plan not later than 90 days after the petition date, except that the court may extend the period "if the need for the extension is attributable to circumstances for which the debtor should not justly be held accountable." 11 U.S.C. § 1189(b). These cases have already been pending over a month without a complete set of schedules or statements and missing required documents. No plan has been filed and based on the forgoing lack of information and documentation it appears unlikely that the Debtors would have the ability to present a confirmable plan in the short time frame provided by subchapter V. Based on these facts, it is unlikely that the Debtors will be able to confirm a plan.

### D. Dismissal is in the Best Interests of Creditors and the Estate

Under 11 U.S.C. § 1112(b), the Court, in its discretion, must determine whether dismissal or conversion is in "the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). *See also In re Colon Martinez*, 472 B.R. 137, 145 (1st Cir. B.A.P. 2012) (stating that court has broad discretion to convert or dismiss a chapter 11 case); *In re AdBrite Corp.*, 290 B.R. at 215 (same). Here, while the Debtors have not filed their schedules yet, the Debtors do not appear to have substantial unencumbered assets to be liquidated in a chapter 7 case. Accordingly, the United States Trustee recommends that these cases be dismissed. Alternatively, if it determined prior to dismissal that the Debtors may have assets that can be liquidated for the benefit of creditors, then the United States Trustee respectfully requests that the Court convert the case to a case under chapter 7

### CONCLUSION

WHEREFORE, the United States Trustee respectfully requests that the Court enter an order dismissing this Chapter 11 case pursuant to 11 U.S.C. § 1112(b), and granting such other and further relief as may be deemed just and proper.

Dated:   New York, New York
         September 9, 2022

                                                  Respectfully submitted,

                                                  WILLIAM K. HARRINGTON
                                                  UNITED STATES TRUSTEE

                         By:    /s/ *Shara Cornell*
                               Shara Cornell
                               Trial Attorney
                               201 Varick Street, Suite 1006
                               New York, New York 10014